

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

October 7, 2008

The Honorable Jeff Wentworth
Chair, Committee on Jurisprudence
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0669

Re: Whether the "radio station" exception to section 552.275, Government Code, applies to a person who holds an amateur radio license issued by the Federal Communications Commission (RQ-0698-GA)

Dear Senator Wentworth:

You ask whether the "radio station" exception to section 552.275 of the Government Code applies to a person who holds an amateur radio license issued by the Federal Communications Commission (the "FCC").[1]

The Eightieth Legislature enacted House Bill 2564, codified as section 552.275 of the Government Code, in response to problems encountered by governmental bodies that receive voluminous and repetitive requests for information under the Public Information Act, chapter 552 of the Government Code. *See* Act of May 25, 2007, 80th Leg., R.S., ch. 1398, 2007 Tex. Gen. Laws 4801, 4801–03. According to a bill analysis prepared by the Senate Research Center,

> a person or persons may make more than one request per year for the production of public information. In addition, many types of requests require a substantial amount of employee or personnel time to comply with the request. Both of these factors raise the operation costs of a governmental body.

SENATE RESEARCH CENTER, BILL ANALYSIS, Tex. H.B. 2564, 80th Leg., R.S. (2007). The gist of House Bill 2564

> authorizes a governmental body to establish a reasonable time limit on the amount of time that personnel are required to spend producing information in compliance with a request for public information. The bill also provides a process in which the governmental body may

---

[1]Letter from Honorable Jeff Wentworth, Chair, Committee on Jurisprudence, Texas State Senate, to Honorable Greg Abbott, Attorney General of Texas (Apr. 8, 2008) (on file with the Opinion Committee, *also available at* http://www.texasattorneygeneral.gov) [hereinafter Request Letter].

> charge a fee if the time limit required for information production is exceeded.

*Id.*

Section 552.275 also establishes exceptions for certain types of requestors. For our purposes, the relevant exception is subsection (j), which provides:

> This section does not apply if the requestor is a representative of:
>
> (1)   *a radio* or television *station that holds a license issued by the Federal Communications Commission*; or
>
> (2)   a newspaper that is qualified under Section 2051.044 to publish legal notices or is a free newspaper of general circulation and that is published at least once a week and available and of interest to the general public in connection with the dissemination of news.

TEX. GOV'T CODE ANN. § 552.275(j) (Vernon Supp. 2008) (emphasis added). The specific question before us is whether an amateur radio license issued by the FCC is "a radio . . . station" license for purposes of section 552.275(j)(1).

You indicate that the exception at issue, section 552.275(j)(1) of the Government Code, was added as a floor amendment to House Bill 2564, and that "[i]n introducing the amendment, Representative Burnham stated that the exception applies to 'all news media outlets, and defines all of those as radio, television, newspapers, etc.'" Request Letter, *supra* note 1, at 2. You appear to suggest that the amendment was intended to apply *only* to broadcast radio and television stations. *See id.*

Like the courts, this office must ascertain and give effect to the intent of the Legislature. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008). We discern legislative intent primarily from the statute's plain language. *Id.* Ordinarily, a statute's words are to be given their common meanings. TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005) (Code Construction Act). By contrast, "[w]ords and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." *Id.* § 311.011(b). "[W]hen a statute's words are unambiguous and yield a single inescapable conclusion," our inquiry is at an end. *See Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 652 (Tex. 2006). Thus, unless enacted statutory language is nebulous, there is no need to "consult legislative history to help divine legislative intent." *Id.* at 653.[2]

---

[2]We note that the Legislature, when it intends to do so, knows how to distinguish between "radio station" and "broadcast radio station." A provision of the Utilities Code states: "Notwithstanding any other provision of this title, a provider of advanced services or local exchange telephone service shall provide subscribers access to the signals of the *local broadcast television and radio stations licensed by the Federal Communications Commission . . . .*" TEX. UTIL.

(continued...)

Nothing in the Public Information Act defines the term "radio station" and we have found no judicial decision that does so. In the present instance, the term "radio station" should be construed according to the definitions set forth in federal law, particularly in view of the fact that the statute in question references "a license issued by the Federal Communications Commission." TEX. GOV'T CODE ANN. § 552.275(j)(1) (Vernon Supp. 2008).

The FCC regulates "all interstate and foreign" radio communication originating or received in the United States and "all persons engaged within the United States" in such radio communications. 47 U.S.C.A. § 152(a) (West Supp. 2008). The FCC also licenses and regulates all radio stations as provided by federal law. *Id.* The term "radio station" or "station" is defined broadly to mean "a station equipped to engage in radio communication or radio transmission of energy." *Id.* § 153(35) (2001). The term includes both amateur and broadcast stations. An "amateur station" is "a radio station operated by a duly authorized person interested in radio technique solely with a personal aim and without pecuniary interest." *Id.* § 153(2); *see also* 47 C.F.R. § 97.3(5) (2007) (defining "amateur station" as a "station in an amateur radio service consisting of the apparatus necessary for carrying on radiocommunications"). On the other hand, a "broadcast station" or "radio broadcast station" is defined as "a radio station equipped to engage in broadcasting[3] as herein defined." 47 U.S.C.A. § 153(5) (2001).

Thus, under federal law, there are at least two kinds of "station": an "amateur station" and a "broadcast station." Each of them, however, requires an FCC license in order to operate. *See id.* § 301 ("No person shall operate any apparatus for the transmission of energy or communications or signals by radio . . . except . . . with a license . . . granted under the provisions of this chapter."); 47 C.F.R. §§ 73.1745(a) (2008) (generally prohibiting any broadcast station from operating "at times, or with modes or power, other than those specified" in the license), 97.5 (generally requiring an amateur station license naming the person with physical control of the station apparatus "before the station may transmit on any amateur service frequency"); *see also City of Rancho Palos Verdes v. Abrams*, 124 Cal. Rptr. 2d 80, 86 (Cal. App. 2002) (under the Federal Communications Act, "a person operating as an amateur enthusiast, as a for-profit business, or both is considered a 'licensee' operating a 'station'").

By the express terms of section 552.275 of the Government Code, an amateur radio station is a "radio . . . station that [must hold] a license issued by the Federal Communications Commission." TEX. GOV'T CODE ANN. § 552.275(j) (Vernon Supp. 2008). In order to fall within the scope of the exception, however, a person must be a "representative" of the radio station. It is clear that a person who holds an amateur "radio station" license is a "representative" of the radio station.

---

[2](...continued)
CODE ANN. § 62.003(b) (Vernon 2007) (emphasis added). In section 552.275(j) of the Government Code, the Legislature failed to make that distinction.

[3]"The term 'broadcasting' means the dissemination of radio communications intended to be received by the public, directly or by the intermediary of relay stations." 47 U.S.C.A. § 153(6) (2001).

Accordingly, in answer to your question, the "radio station" exception to Government Code section 552.275 encompasses a person who holds an amateur radio station license issued by the FCC. Should the Legislature prefer to limit the exception to persons who hold only a broadcast station license, it of course has the authority to do so.  But this office may not disregard the plain language of the statute as written.  *See City of Rockwall*, 246 S.W.3d at 625–26.

## S U M M A R Y

The "radio station" exception to section 552.275 of the Government Code encompasses a person who holds an amateur radio station license issued by the Federal Communications Commission.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee